LABORDE, Judge.
The most interesting issue raised by this appeal concerns whether LSA-R.S. 23:631 and 632, calling for assessment of penalty wages and attorney fees against employers failing to timely compensate former employ *722 ees for sums owed, is applicable to situations involving contractual severance pay.
After defendant hospital failed to compensate him pursuant to an employment contract providing for three months severance pay regardless of cause, plaintiff physician filed suit following his voluntary termination of employment. The trial judge held defendant liable for contractual severance pay plus ninety days wages and attorney fees pursuant to LSA-R.S. 23:631 et seq. We affirm virtually every conclusion reached by the trial court and remand only to have the trial judge recalculate the ninety day wage penalty imposed on defendant. •

Issues on Appeal

The parties having stipulated that contractual severance pay of three months’ wages under Paragraph 13 would equal $34,812.71, the only issues before us concern whether plaintiff is entitled to collect his severance pay and, if so, whether the provisions of LSA-R.S. 23:631 et seq. mandate imposition of penalties and attorneys fees to severance pay.

Facts

Plaintiff and defendant entered into a contract of employment on May 12, 1990. The agreement, entered into in good faith and at arm’s length, required that plaintiff practice medicine exclusively in behalf of defendant. In exchange, plaintiff would be compensated pursuant to terms of the “Employment Contract.”
Paragraph 4 of the Employment Contract provided for plaintiffs base pay:
4. COMPENSATION. For all services rendered by the Employee under this agreement, the Corporation shall pay the Employee such monthly salary as the Board of Directors may, from time to time, determine and/or evidence in the minutes of its meetings.
In addition, the agreement entitled plaintiff to compensation upon termination of the relationship by either party, whether upon a involuntary or voluntary basis. Terms of the severance pay are provided for in Paragraph 13 of the “Employment Contract”:
13. COMPENSATION ON TERMINATION. In the event that this contract is involuntarily or voluntarily terminated under the provisions of paragraph 11 or paragraph 12, the Employee shall receive, as additional compensation, a sum of money equal to three times each Employee’s average monthly income. Average monthly income shall be the monthly average calculated from the twelve month period of the taxable year which precedes the taxable year in which the Employee’s employment is terminated.
Plaintiff gave his six month notice of intent to terminate his employment with defendant by letter dated January 9, 1992, as provided by paragraph 12 of the parties’ agreement:
12. VOLUNTARY TERMINATION. In any event, this contract may be terminated by any party hereto upon six months’ written notice. Unless so terminated, this agreement shall be renewed automatically, on a year to year basis, on the conditions herein set forth.

Severance Pay

The instant controversy arose when defendant refused to pay plaintiff his Paragraph 13 severance compensation following the effective date of his discharge or termination, July 9, 1992. Defendant sought to introduce evidence to suggest it had reasonable grounds upon which to dismiss plaintiff. The trial court properly excluded this evidence. The Paragraph 13 sums clearly were due plaintiff under the terms of the agreement regardless of how the agreement was terminated. Thus, the proffered evidence was irrelevant to resolution of the case.
Contracts performed in good faith have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. LSA-CC art. 1983; Cagle Supply of Lafayette, Inc. v. Hinson, 155 So.2d 773, 774 (La. App. 3d Cir.), writ denied, 245 La. 83, 157 So.2d 230 (1963). Stated differently, it is not within the province of this court to relieve a capable party of a bad bargain voluntarily entered into absent a vice of consent unless the agreement is contrary to law or public *723 policy. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent, LSA-CC art. 2046. This codal edict applies with equal force to employment contracts. See, e.g., Tompkins v. Sobering Corp., 441 So.2d 455, 458 (La.App.2d Cir.1983).
The terms of the employment contract between plaintiff Dr. Boudreaux and defendant Hamilton Medical Group are clear. Therefore, the agreement must be interpreted solely by reference to the four corners of that document. Tammariello Properties v. Medical Realty, 549 So.2d 1259, 1263 (La. App.3d Cir.1989). Paragraph 13 of the contract provides that plaintiff was entitled to three months pay, contractually defined to equal three times the average monthly income of the employee during the previous taxable year, upon termination of his employment regardless of cause.
LSA-R.S. 23:631 AND 632 PENALTIES AND ATTORNEY FEES
Next, seeking our reversal, defendant contends that statutory penalties and attorney fees should not be permitted.
Plaintiff alleges that he is entitled to not only the severance pay provided in paragraph 13 of his employment contract; additionally, he seeks penalties (coincidentally, three months wages) and attorney fees as required by LSA-R.S. 23:631 and 632:
§ 631. Discharge or resignation of employees; payment within three days after termination of employment
A.Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592.
C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section.
§ 632. Liability of employer for failure to pay; attorney fees
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be hable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
We affirm the trial court’s award of penalties and attorney fees. Statutory penalties and attorney fees may be assessed against an employer who neglects to honor its severance pay commitments. The applicable law is quite clear: LSA-R.S. 23:631(A) requires employers “[u]pon the discharge or *724 resignation of any laborer or other employee of any kind whatsoever ... to pay the amount then due under the terms of employment ... not later than three days following the date of discharge or resignation.” The penalty for failing to do so is contained in LSA-R.S. 23:632, attorney fees plus the lesser of ninety days wages or full wages from date of demand to date of payment (in this case, the former).
Our review of the applicable contract and law, with one minor exception, leads us to find no error in the trial judge’s typically well-reasoned actions.
Defendant’s reading of penal, strictly construed, LSA-R.S. 23:631 leads it to conclude that the statute does not clearly prescribe sanctions against employers for severance pay or for compensation due after termination. As a consequence, defendant asks us to rule that plaintiff is-not entitled to penalties and attorney fees because, it claims, the severance pay was not due until after plaintiff ceased working for defendant. Our reading of the contract varies from that of defendant.
The contract between the parties by its own terms called for plaintiff to receive severance pay “on termination,” not later. LSA-R.S. 28:631 imposes on the employer “[u]pon the discharge or resignation of any laborer or other employee of any kind” the duty to make its employee whole for any amount “then due.” The rights to penalties and attorney fees vest three days later. Because we take the terms “on” and “upon” to be synonymous, we are unable to accept defendant’s premise that plaintiffs severance pay became due after termination of his employment and affirm on that basis.
Further, we note that the legislature, given free reign to delimit the types of compensation for which employers might be held accountable, chose to cast a wide net in imposing a duty on employers to make the employee whole for the “amount” due, a term that has been interpreted, at least in the absence of contractual provisions to the contrary, to include commissions and vacation pay. See, e.g., Potvin v. Wright’s Sound Gallery, Inc., 568 So.2d 623, 626-627 (La.App.2d Cir.1990) and cites therein. We find no basis for distinguishing severance pay from other forms of compensation and, in light of the employment agreement at the heart of this case, affirm the trial court’s application of the law.
When the wording of a section of the Revised Statutes is clear and free of ambiguity, the letter of it is not to be disregarded. LSA-R.S. 1:4. LSA-R.S. 23:631 states that employers shall have the duty to pay the sums due its former employee within seventy-two hours and the means by which the payment shall be made, and LSA-R.S. 23:632 provides that an employer who fails or refuses to comply with the provisions of LSA-R.S. 23:631 shall be liable for ninety days wages. The word “shall,” as it applies to LSA-R.S. 1:4 and 23:632 (and 23:631, which it incorporates) is mandatory. LSA-R.S. 1:3.
We are unable to do as defendant asks, resort to equity to save it from having to pay the penalties clearly called for by LSA-R.S. 23:631 and 632 and its inactions.
It is well settled that the statutory provisions are penal in nature and must be strictly construed. Equitable defenses are available, and penalty wages are not to be absolutely imposed irrespective of the circumstances. Pace v. Parker Drilling Co. & Subsidiaries, 382 So.2d 988 (LaApp. 1st Cir.), writ denied 383 So.2d 1016 (La.1980). However, it is only a good-faith, non-arbitrary defense to liability for unpaid wages which will permit the courts to excuse the employer from the imposition of penalty wages. Carriere v. Pee Wee’s Equipment Co., 364 So.2d 555 (La.1978) and Soday v. Mall Snacks, Inc., 374 So.2d 138 (La.App. 1st Cir.1979). Whether or not there is an equitable defense to penalty wages depends on the particular facts of each case. Pace, 382 So.2d 988.
Henderson v. Kentwood Springwater, Inc., 583 So.2d 1227, 1232 (La.App. 1st Cir.1991).
Defendant has no defense in equity here as its employment contract clearly provided for severance pay regardless of cause. Therefore, in light of the facts and the law, we find no error in the trial court’s finding defendant liable to plaintiff for three months severance pay by contract or its assessing *725 defendant with liability under LSA-R.S. 23:682.
Nonetheless, a remand is in order so that the trial judge may take evidence limited to quantum as to the three months wage penalty called for in LSA-R.S. 23:632. The trial judge correctly computed plaintiffs severance pay based on the previous year’s monthly earnings; however, the ninety day wage assessment required by LSA-R.S. 23:632, being silent as to the question, calls for a more prospective assessment of the employee’s wages.
Our reading of the transcripts and evidence leads us to believe that the plaintiffs choosing to terminate his employment, and defendant’s refusal to compensate him, originate from the same source, a declining patient load and concomitant reduction in defendant’s cash flow. The record before us, limited largely to the parties’ stipulation as to how much plaintiff earned monthly the year before his resignation became effective, does not reveal whether plaintiffs salary remained the same from one year to the next. As a consequence, we remand solely for a reassessment of the wage portion of the penalties assessed against defendant. The trial judge is asked to confirm whether plaintiffs monthly salary remained stable during his last two years of employment with defendant hospital. If so, the penalty portion of the judgment will stand; if not, evidence should be introduced to determine plaintiffs salary for a determination of quantum as to defendant’s LSA-R.S. 23:632 ninety day wage penalty.
Attorney Fees
Finally, we consider the $5,388.61 attorney fees awarded plaintiff pursuant to LSA-R.S. 23:632, and affirm same.
Defendant would have us eliminate the award of attorneys fees decreed by the trial judge for plaintiff counsel’s work prior to appeal, but our review of the itemized statements contained in the record and consideration of the dispute’s complexity and time-consumption (mostly due to defendant’s intransigence) lead us to conclude that the attorney fees awarded by the trial court are appropriate. At a minimum, they are not clearly wrong.
On the other hand, plaintiff seeks additional attorney’s fees as a consequence of his counsel’s efforts spent on his appeal. This request, which was made in plaintiffs brief, may not be considered by this court as plaintiff did not appeal or answer defendant’s appeal. LSA-CCP arts. 2082, 2087, 2123 (appeal); and 2133 (answer of appeal).
DECREE
The judgment of the trial court is vacated and remanded as to the award of penalties awarded pursuant to LSA-R.S. 23:632, but affirmed otherwise. Defendant-appellee to pay costs.
AFFIRMED IN PART, VACATED AND REMANDED IN PART.