644 So.2d 619 (1994)
Dr. James L. BOUDREAUX
v.
HAMILTON MEDICAL GROUP, INC.
No. 94-C-0879.
Supreme Court of Louisiana.
October 17, 1994.
Rehearing Denied November 17, 1994.[*]
*620 Donlon Pugh, Charles J. Boudreaux, Jr., Pugh, Boudreaux & Shelton, Lafayette, for applicant.
Steven G. Durio, Timothy A. Maragos, Durio, McGoffin & Stagg, Lafayette, for respondent.
MARCUS, Justice.[**]
Dr. James L. Boudreaux entered into an employment contract with the Hamilton Medical Group, Inc. (Hamilton), a professional corporation, on May 12, 1980, to practice medicine on behalf of the corporation.[1] Section Four of the contract provided for Dr. Boudreaux's compensation:
COMPENSATION. For all services rendered by the Employee under this agreement, the Corporation shall pay the Employee such monthly salary as the Board of Directors may, from time to time, determine and/or evidence in the minutes of its meetings.
Section Twelve provided that the contract could be terminated by either party upon six months written notice. Unless so terminated the contract would be renewed automatically, on a year to year basis, on the conditions set forth therein.
Section Thirteen provided for compensation on termination of the contract by either party:
COMPENSATION ON TERMINATION. In the event that this contract is involuntarily or voluntarily terminated under the provisions of paragraph 11 or paragraph 12, the Employee shall receive, as additional compensation, a sum of money equal to three times each Employee's average monthly income. Average monthly income shall be the monthly average calculated from the twelve month period of the taxable year which precedes the taxable year in which the Employee's employment is terminated.
This provision for compensation upon termination was found only in employment contracts of shareholder/physicians with Hamilton. Dr. Boudreaux was such a shareholder/physician of the corporation. Dr. Boudreaux was also on the Board of Directors of Hamilton.
By letter dated January 9, 1992, Dr. Boudreaux gave six months written notice of his intent to terminate his employment with Hamilton effective July 9, 1992. He was paid all sums due under Section Four of the contract. On July 9, 1992, Dr. Boudreaux made written demand upon Hamilton for the compensation provided under Section Thirteen of the contract. When Hamilton refused to pay, Dr. Boudreaux filed this suit on July 23, 1992, for the compensation under Section Thirteen of the contract, as well as penalties and attorney fees pursuant to La.R.S. 23:631 and 632 for failure to timely compensate an employee upon discharge or resignation for the amount then due. Hamilton claimed defenses to the payment of the compensation and further argued that La.R.S. 23:631 and 632 did not apply to the payment under Section Thirteen of the employment contract. The parties stipulated that if the additional compensation under Section Thirteen was owed by Hamilton to Dr. Boudreaux, that amount would be $34,812.
After hearings on the matter the trial judge found that the compensation under Section Thirteen of the employment contract was owed and that the payment constituted a *621 "wage" under La.R.S. 23:631 and 632.[2] The trial judge awarded $34,812 representing compensation due under the employment agreement and awarded an additional sum of $34,812 representing a penalty of ninety days wages together with attorney fees in the amount of $5,388.51 pursuant to La.R.S. 23:632. Hamilton appealed. The court of appeal affirmed, finding Hamilton liable to Dr. Boudreaux for $34,812 under Section Thirteen of the contract. It also affirmed the trial judge's finding that penalties and attorney fees were owed under La.R.S. 23:632 but vacated the penalty award of $34,812 and remanded the matter to the trial court to take evidence on the amount of penalty wages due.[3] On application by Hamilton, we granted certiorari to review the correctness of that decision.[4]
The issue presented for our review is whether La.R.S. 23:631 and 632 providing for assessment of penalties and attorney fees for failure to timely pay an employee upon termination of employment apply to the payment of "Compensation on Termination" set forth in Section Thirteen of the employment contract between Dr. Boudreaux and Hamilton.
La.R.S. 23:631 and 632 provide in pertinent part:
§ 631. Discharge or resignation of employees; payment within three days after termination of employment
A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592.
§ 632. Liability of employer for failure to pay; attorney fees
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation. [Emphasis supplied]
These statutes, being penal in nature, must be strictly construed and their provisions yield to equitable defenses. Mitchell v. First National Life Insurance Co. of La., 236 La. 696, 109 So.2d 61, 63 (1959); Clevy v. O'Meara, 236 La. 640, 108 So.2d 538, 539 (1959). The statutes refer to "wages" and subject the employer to the payment of penalties and attorney fees if the wages are not paid timely. In Mason v. Norton, 360 So.2d 178, 180 (La.1978), we stated that these statutes are designed to compel prompt payment of wages upon an employee's discharge or resignation. The term "wages" is defined as money that is *622 paid or received for work or services, as by the hour, day or week. Webster's New Universal Unabridged Dictionary 1604 (1992). In La.R.S. 23:631, the "amount due under the terms of employment" is modified by the phrase "whether the employment is by the hour, day, week, or month, ..." We have held that this phrase in La.R.S. 23:631 "whether the employment is by the hour, day, week, or month" refers to the pay period for the compensation. Mason v. Norton, 360 So.2d at 180. In Stell v. Caylor, 223 So.2d 423, 426 (La.App. 3d Cir.), writ refused, 254 La. 778, 226 So.2d 770 (1969), the court stated:
[T]he inclusion in the statute of the words "whether the employment is by the day, week or month" seems clearly to signify that only amounts due as wages are contemplated. Otherwise these words would be superfluous. If the statute is intended to cover all amounts due by the employer to the employee, regardless of whether they are wages, there is no need for the statute to specify the pay periods of wages.
Since the phrase in La.R.S. 23:631 "any amount then due under the terms of employment" is modified by the phrase "whether the employment is by the hour, day, week, or month" (pay period), it is obvious that "the amount then due under the terms of employment" set forth in La.R.S. 23:631 refers to wages which are earned during a pay period. In other words, "terms of employment" refers to a particular pay period. Therefore, only compensation that is earned during a pay period will be considered wages under the statutes. This interpretation is consistent with the references to "wages" throughout the statutes.
Now, applying the above principles to the employment agreement between Dr. Boudreaux and Hamilton, we find, for the reasons set forth below, that the "compensation on termination" described in Section Thirteen of the employment agreement, if owed, does not constitute "wages" within the meaning and intent of La.R.S. 23:631 and 632.
First, we note that in the employment contract between Dr. Boudreaux and Hamilton, Section Four titled "Compensation" provides that "for all services rendered, the Corporation shall pay the employee such monthly salary as the Board of Directors may from time to time determine...." (Emphasis supplied). Hence, Section Four of the contract provides for renumeration for services rendered (compensation under the terms of employment) to be paid on a monthly basis (subject to a pay period). It is clear that Section Four contemplates "wages."
In contrast to Section Four, Section Thirteen of the contract titled "Compensation on Termination" provides for "a sum of money" payable when the contract is voluntarily or involuntarily terminated, that is, after termination or resignation of the shareholder/employee. The compensation set forth in Section Thirteen does not state that it is payment for services rendered like that in Section Four. Rather, Section Thirteen provides that the employee "shall receive, as additional compensation, a sum of money equal to three times each Employee's average monthly income." Hamilton argues that the "sum of money" referred to in this section is a one time payment, not subject to a pay period and not due until after termination or resignation. We agree. The courts below reasoned that since the payment in Section Thirteen is calculated based upon "average monthly income," it is a "payment by the hour, day, week, or month" and thus is a wage under the statutes. We disagree. While the formula set forth in Section Thirteen describes how to calculate the amount of additional compensation owed under the section, it does not describe how often payment is to be made or when the payment is due, except sometime after termination or resignation. Although the compensation may be due under the employment agreement upon resignation or termination of the employee, the compensation was not due under the terms of employment, i.e. the pay period. Hence, we conclude that the additional compensation under Section Thirteen was not a "wage" within the meaning and intent of La.R.S. 23:631 and 632. Having found that the compensation does not constitute a wage, then the failure of Hamilton to pay the compensation set forth in Section Thirteen within three days following *623 the date of Dr. Boudreaux's effective resignation should not subject it to the imposition of penalties and attorney fees under La.R.S. 23:632.[5]
Having reached this conclusion, that is, that La.R.S. 23:631 and 632 are inapplicable, we find it necessary to remand the case to the district court to permit Hamilton to raise any contractual defenses to Dr. Boudreaux's claim for compensation under Section Thirteen of the contract. Hamilton was precluded from raising these contractual defenses because the trial judge allowed only equitable defenses in the summary proceedings below. Therefore, we will vacate the award of $34,812 for compensation under Section Thirteen and remand the case to the district court to determine whether Dr. Boudreaux is entitled to the compensation under Section Thirteen of the employment contract. We will reverse the awards of penalties and attorney fees under La.R.S. 23:632.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and set aside. The case is remanded to the district court to determine whether Dr. Boudreaux is entitled to compensation under Section Thirteen of the employment agreement.
WILLIAM A. NORRIS, J. Pro Tem., dissents with reasons.
FELICIA TONEY WILLIAMS, J. Pro Tem., dissents for the reasons assigned by WILLIAM A. NORRIS, J. Pro Tem.
WILLIAM A. NORRIS, III, Justice Pro Tem., dissenting.
I respectfully dissent from the majority's conclusion that LSA-R.S. 23:631 and 23:632 are inapplicable to the compensation sued for in the instant case. Dr. Boudreaux was paid by the month and thus covered by the statute. The amount due was pursuant to the terms of his contract of employment. Clearly, 23:631 and 23:632 are applicable.
The lower courts erred, however, in refusing to allow appellant the opportunity to interpose a good faith, non-arbitrary defense to negate an award of additional penalty wages. Carriere v. PeeWee's Equipment Co., 364 So.2d 555 (La.1978) I would reverse on this issue and remand to allow appellant to offer its proof.
NOTES
[*] Justice Johnson participated in the decision on rehearing rather than Justice Williams.
[**] Judge William Norris, III, Court of Appeal, Second Circuit, sitting by assignment in place of Justice James L. Dennis; Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as Associate Justice Pro Tempore, effective September 1, 1994.

LEMMON, J., not on panel. Rule IV, Part 2, § 3.
[1] Although the employment contract at issue was dated May 12, 1980, Dr. Boudreaux was employed by Hamilton since July 1, 1977.
[2] Dr. Boudreaux brought this action as a summary proceeding as permitted under La.R.S. 23:631(B). Hamilton filed an exception of prematurity arguing that La.R.S. 23:631 and 632 were inapplicable and therefore summary proceedings were unauthorized. On first hearing, the trial judge ruled that the compensation under Section Thirteen constituted a wage, and therefore the matter would be tried as a summary proceeding. The court of appeal denied Hamilton's application for writs on this issue. At the second hearing, the trial judge determined that the Section Thirteen compensation was owed as well as penalties and attorney fees.
[3] 93-672 (La.App. 3d Cir. 2/2/94); 631 So.2d 721.
[4] 94-0879 (La. 5/20/94); 637 So.2d 473.
[5] Because we find that the statutes are inapplicable, we need not address whether the application of the statutes are precluded by the equitable defenses raised by Hamilton.