712 So.2d 930 (1998)
A. Jerry SLOCUM, Plaintiff-Appellee,
v.
Deborah Barnett SLOCUM, Defendant-Appellant.
No. 97-1569.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1998.
Robert Lawrence Beck, Jr., Michael Hathorn Davis, Alexandria, for A. Jerry Slocum.
Charles Overton LaCroix, Alexandria, for Deborah Barnett Slocum.
Before WOODARD, DECUIR and PETERS, JJ.
DECUIR, Judge.
Deborah Barnett Slocum appeals the judgment of the trial court, denying a motion on her behalf to make past-due alimony executory and to hold A. Jerry Slocum in contempt.
By judgment rendered on October 26, 1993, and signed on May 10, 1994, Jerry Slocum was ordered to pay alimony pendente lite in the amount of $700.00 per month commencing on November 1, 1993. On May 20, 1994, Deborah Slocum filed a rule for divorce, permanent alimony and change of child custody. The hearing on the rule was set for June 13, 1994. By joint motion of the parties, the hearing on the rule for divorce and custody was continued to June 20, 1994. The rule on the issue of permanent alimony was "continued without date" with Jerry Slocum to continue payment of alimony pendente lite "until such time as a final determination has been rendered on the fault issue." The order granting the continuance indicated the issue of permanent alimony and fault was to be "reserved by the parties."
*931 A judgment of divorce and custody was rendered on June 23, 1994. Mr. Slocum continued to pay alimony pendente lite for eight months after the divorce or until February of 1995.
More than a year later, on March 11, 1996, Deborah Slocum filed a motion for modification of judgment to make past-due medical support executory, to make past-due alimony pendente lite executory and for contempt and attorney's fees. Ms. Slocum alleged in her motion that in exchange for her agreement to continue the rule for permanent alimony, Jerry Slocum agreed to continue to pay alimony pendente lite as ordered by the judgment of May 10, 1994. She further alleged that through an oversight or clerical error, the order continuing the hearing on the rule for permanent alimony failed to mention Jerry Slocum's "obligation" to continue paying alimony pendente lite. Ms. Slocum requested that the order of June 13, 1994, continuing the rule for divorce and change of custody to June 20, 1994, be modified to require Jerry Slocum to continue alimony pendente lite payments pending a hearing on the rule for permanent alimony and, alternatively, that Jerry Slocum contractually obligated himself to the payment of such alimony.
After a hearing, the trial court rendered judgment in favor of Mr. Slocum and issued written reasons stating as follows:
The June 10, 1994 rule filed did not create an open ended obligation to pay. The obligation to pay alimony pendente lite stopped when the divorce became final. The cessation of payments in February of 1995 was not a violation of an order to pay pendente lite alimony. Accordingly, he is not in contempt. At best, her claim is a contractual claim for payment in exchange for a continuance. The termination of pendente lite at time of Divorce and payments after that would be in the form of an unwritten contract. There is no acquiescence to pay permanent alimony and the only way the unwritten time limit can be set is to look to a reasonable test. She has not proven by a preponderance that a contract to pay indefinitely was established. Payment for eight months is reasonable under the circumstances. Eight months of continued payment is more than enough time to take steps to fix the rule, if Mrs. Slocum's interest was in getting permanent alimony awarded.
Deborah Slocum appeals contending that the trial judge erred in failing to enforce the clear and explicit terms of the contract between the parties, arguing that Jerry Slocum obligated himself to pay "until such time as a final determination has been rendered on the fault issue." Jerry Slocum argues that the motion for continuance was not an attempt to set forth, and does not set forth, an agreement of the parties. In other words, the motion for continuance is just that, a motion for continuance which only makes reference to the agreement of the parties. It is Mr. Slocum's contention that the parties agreed that he would continue to pay alimony pendente lite for a reasonable time and not indefinitely.
Alimony agreements need not be incorporated into a court judgment and are enforceable according to their own terms or the proven intent of the parties. Romero v. Romero, 509 So.2d 681 (La.App. 3 Cir.), writ denied, 512 So.2d 427 (La.1987); Spencer v. Spencer, 472 So.2d 302 (La.App. 3 Cir.1985).
There is no dispute that the parties agreed that Mr. Slocum was to continue alimony pendente lite payments. Thus, a contract did exist whereby Mr. Slocum was to continue alimony payments. The question is how long was Mr. Slocum obligated to pay alimony. Such a determination requires an examination of the intent of the parties as to the period of time Mr. Slocum was to pay alimony pendente lite.
The record supports the trial court's finding that it was the parties' intention that Mr. Slocum would pay alimony pendente lite for a reasonable time. The consideration to Ms. Slocum for entering into the agreement was the continued payment of alimony for a reasonable time, and the consideration to Mr. Slocum was a continuance of the issues of fault and permanent alimony.
The evidence reflects that it was not Jerry Slocum's intention to pay alimony indefinitely. Furthermore, the testimony of Jimmy Faircloth, Deborah Slocum's attorney at *932 the time of the motion for continuance, reflects that it was contemplated by the parties that the fault issue would be reset for hearing. In fact, he stated "I did not think that it would certainly continue this long." He stated there was no time frame established for resetting the hearing. The following colloquy took place:
Q. And in your mind it wasn't some open-ended thing that Mr. Slocum would go on paying indefinitely?
A. No, but only because I didn't think he would more than anything else, I guess....
The trial judge's finding that Mr. Slocum agreed to pay alimony pendente lite for a reasonable time is not manifestly erroneous. Likewise, clearly supported by the record is the trial judge's finding that the payment of alimony pendente lite for eight months following the divorce is reasonable.
The judgment of the trial court is affirmed. Costs of appeal are assessed to Deborah Barnett Slocum.
AFFIRMED.
WOODARD, J., dissents and assigns written reasons..
WOODARD, Judge, dissenting.
I respectfully dissent regarding the interpretation of the parties' agreement.
The words of the agreement in the joint motion are not ambiguous. They do not say that Mr. Slocum must pay alimony for a "reasonable" time not do they say he must pay for an indefinite time. They say pay "until there is a final determination of fault." That can mean only one thing and either party could have pursued this determination, ending the accrual of alimony. Mr. Slocum, who had the most to gain if he could prove fault, chose not to and to allow this amount and agreement to remain in effect.
An agreement between the parties is supposed to have the effect of law even if, by one party's own choice, the bargain was a bad one. La.Civ.Code art. 1983; Boudreaux v. Hamilton Medical Group, Inc., 93-672 (La. App. 3 Cir. 2/2/94), 631 So.2d 721, 722-23, writ granted, 94-0879 (La. 5/20/94), 637 So.2d 473, reversed on other grounds, 94-0879 (La. 10/17/94), 644 So.2d 619. ("[I]t is not within the provision of this court to relieve a capable party of a bad bargain voluntarily entered onto absent a vice of consent unless the agreement is contrary to law or public policy.")
Notwithstanding, Mr. Slocum had a continuing opportunity and the power to change his obligation at any time but chose to let the agreement stand as it was. Accordingly, he should be bound by its terms.