**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 1119

RAY M. NEWTON

VERSUS

ST. TAMMANY FIRE DISTRICT NO. 12 ET AL

*DATE OF JUDGMENT:*    MAY 1 8 2023

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT,
PARISH OF ST. TAMMANY, STATE OF LOUISIANA
NUMBER 2018-14887, DIVISION I,

HONORABLE REGINALD T. BADEAUX, III, JUDGE

* * * * * *

David J. Schexnaydre
Mandeville, Louisiana

Patrick J. Berrigan
Slidell, Louisiana

Wayne Robert Maldonado
Metairie, Louisiana

J. Michael Nash
Shreveport, Louisiana

David I. Bordelon
Metairie, Louisiana

Counsel for Plaintiff-Appellant
Ray M. Newton

Counsel for Defendants-Appellee
St. Tammany Fire District No. 12

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: **REVERSED AND REMANDED.**

**CHUTZ, J.**

Plaintiff-appellant, Ray M. Newton, appeals the trial court's summary judgment dismissal of his lawsuit against his former employer, defendant-appellee, Board of Commissioners of St. Tammany Fire District No. 12 (FD12). We reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2018, Newton filed a petition naming FD12 as a defendant. Various representatives of FD12, in both their official and individual capacities, and alleged insurers were also named as defendants in the lawsuit. All defendants except FD12 were ultimately dismissed from the litigation, some voluntarily and others by the trial court whose dismissals Newton did not appeal.

Relevant to this appeal,[1] Newton averred that after 21 years of service, on October 6, 2015, he was summarily and constructively dismissed without cause. He claimed that he "earned and was not fully paid vacation pay, wages, medical leave benefits, and retirement funding." Newton additionally alleged that Chairman Joseph Mitternight, who was also a member of FD12, "agreed and guaranteed that Newton (at the age of 67) would have gainful employment until his retirement age of 70 ½," and that "FD12 breach[ed] the obligation and oral contract between the parties." In an amended petition filed on February 6, 2019, Newton reiterated the same facts, again averring that he "earned and was not fully paid vacation pay, wages, medical leave benefits, and retirement funding." He further asserted FD12 had violated the Louisiana Wage Payment Act and that he was, therefore, entitled to statutory penalties, attorney fees, and interest.

---

[1] A more detailed procedural history, set forth in an earlier opinion of this court, will not be restated. See *Newton v. St. Tammany Fire District No. 12*, 2020-0797 (La. App. 1st Cir. 2/19/21), 318 So.3d 206, 209-10.

2

FD12 answered Newton's lawsuit and asserted, among other things, a peremptory exception raising the objection of prescription. The trial court sustained the exception and dismissed Newton's lawsuit with prejudice. A subsequent motion for new trial requested by Newton was denied.

On appeal, this court reversed the trial court's judgment, concluding that Newton's termination and FD12's alleged refusal to pay out Newton's wages and benefits related back to the original petition and, therefore, that Newton's unpaid wages claims were timely. *Newton v. St. Tammany Fire District No. 12*, 2020-0797 (La. App. 1st Cir. 2/19/21), 318 So.3d 206, 211-12.

Thereafter, on May 25, 2021, Newton filed a stipulation into the record, which stated the following:

> In light of the prior rulings by the trial court and court of appeal dismissing all of [Newton's] claims other than a claim for unpaid wages and benefits, the only claims plaintiff is pursuing, and will pursue, are those for alleged unpaid wages and benefits pursuant to [the Louisiana Wage Payment Act], including reasonable attorney's fees, interest, and costs, if applicable. All other claims alleged in the Petition and any Supplemental and Amending Petition were dismissed, and plaintiff agrees not to pursue those claims including, but not limited to, the claims against the individuals named in the Petition who were all dismissed.

On September 10, 2021, FD12 filed a motion for summary judgment "on the grounds that [Newton's] claims under [the Louisiana Wage Payment Act] for wages not paid do not constitute an alleged contract for future employment under Louisiana Supreme Court decision of [*Boudreaux v. Hamilton Med. Group, Inc.*, 94-0879 (La. 10/17/94), 644 So.2d 619]" and requested the dismissal of Newton's lawsuit with prejudice. The only document attached to FD12's motion was Newton's May 25, 2021 stipulation. FD12 maintained in its uncontested facts in support of summary judgment, "[Newton] has stipulated that the only claim he is asserting is a claim for unpaid wages under [the Louisiana Wage Payment Act]."

3

After a hearing on January 18, 2022, the trial court granted summary judgment and dismissed Newton's lawsuit with prejudice. A judgment in conformity with the trial court's ruling was signed on April 19, 2022. Newton appeals.

## DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. *Country Club of Louisiana Prop. Owners Ass'n, Inc. v. Baton Rouge Water Works Co.*, 2019-1373 (La. App. 1st Cir. 8/17/20), 311 So.3d 395, 398. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). If, however, the movant fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the movant is not entitled to summary judgment. *Country Club of Louisiana Prop. Owners Ass'n, Inc.*, 311 So.3d at 399.

4

The court may consider only those documents filed in support of or in opposition to the motion for summary judgment. La. C.C.P. art. 966(D)(2). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). Moreover, a summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. C.C.P. art. 966(F).

Appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Country Club of Louisiana Prop. Owners Ass'n, Inc.*, 311 So.3d at 399.

The Louisiana Wage Payment Act, La. R.S. 23:631, et seq., provides for payment of wages due after termination of employment. The main purpose of the wage payment law is to compel an employer to pay the earned wages of an employee promptly after his dismissal or resignation and to protect discharged Louisiana employees from unfair and dilatory wage practices by employers. *Newton*, 318 So.3d at 211.

Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge or resignation,

5

whichever occurs first. La. R.S. 23:631(A)(1)(a) & (b).[2] The employee bears the burden of proving by a preponderance of the evidence that he is entitled to relief under La. R.S. 23:631 and La. R.S. 23:632. *Acosta v. Am. Pollution Control Corp.*, 2018-348 (La. App. 3d Cir. 12/28/18), 262 So.3d 470, 472.

In his opposition to the motion for summary judgment and on appeal, Newton maintains that in granting summary judgment and dismissing all of his claims, the trial court conflated his cause of action for relief under the Louisiana Wage Payment Act with his cause of action for relief as a result of an oral contract for future wages. Thus, he urges that summary judgment was erroneously granted.

In his petition, Newton alleged that he "earned but was not fully paid vacation pay, wages, medical leave benefits, and retirement funding." Therefore, it was incumbent on FD12 as movant on the motion for summary judgment to initially point out an absence of factual support for one or more elements essential to Newton's cause of action for relief under the Louisiana Wage Payment Act.

The language of the stipulation offered by FD12 states that "the only claims [Newton] is pursuing, and will pursue, are those for alleged unpaid wages and benefits pursuant to La. R.S. 23:631, *et seq.*" Thus, under the language of the stipulation, Newton expressly reserved the right to seek Louisiana Wage Payment Act relief. By offering nothing to demonstrate that Newton was fully paid "vacation pay, wages, medical leave benefits, and retirement funding" he earned before the next regular payday after his separation from service or no later than fifteen days following the date of his discharge as required by La. R.S. 23:631(A), FD12 failed to show an absence of factual support for one or more of the elements

---

[2] See also La. R.S. 23:632, addressing the employer's liability for failing to pay an employee's wages, which may include penalties, interest, and attorney's fees.

of Newton's Louisiana Wage Payment Act cause of action.[3] Because the summary judgment proof establishes that Newton has a cause of action for Louisiana Wage Payment Act relief, FD12 as movant failed its initial burden of proof, and the burden of proof never shifted to Newton.[4] As such, on the showing made, the trial court improvidently granted FD12's summary judgment dismissal of Newton's lawsuit.

## DECREE

For these reasons, the trial court's summary judgment dismissal of Newton's lawsuit against FD12 is reversed. The matter is remanded for further proceedings. Appeal costs are assessed against defendant-appellee, Board of Commissioners of St. Tammany Fire District No. 12.

**REVERSED AND REMANDED.**

---

[3] Our complete review of the record shows that after the trial court sustained various exceptions including that of prescription, which was the subject of our opinion in *Newton*, 318 So.3d at 209-10, during the new-trial hearing, FD12 argued that "in discovery [Newton] has already admitted that he is not claiming compensation owed for any period prior to" his separation from employment. And in responses to interrogatories propounded by FD12, attached as an exhibit to an earlier filed motion to compel, Newton detailed with specificity his claimed relief for future wages and benefits without articulating amounts for wages and benefits due for past services rendered. Since La. C.C.P. art. 966(D)(2) limits a summary-judgment review to "[o]nly those documents filed in support of or in opposition to the motion," and FD12 did not attach any admissions or responses to interrogatories by Newton to its motion, FD12 cannot rely on these documents to sustain its initial burden of showing an absence of factual support for Newton's cause of action for relief under the Louisiana Wage Payment Act.

[4] In light of FD12's failure to sustain its initial burden of proof, we find it unnecessary to address the equivocally asserted issue of whether Newton offered proper corroborating evidence of an oral contract for future wages set forth in FD12's memorandum in support of its motion for summary judgment, or the propriety of the trial court's reliance on the deposition testimony of Robert Barnett, attached as an exhibit to Newton's sur-reply memorandum filed into the record with leave of court, to grant summary judgment and pretermit such discussions.