No. 80-376

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

MALAN F. JOHNSTON,

        Plaintiff and Appellant,

    -vs-

K & T MANUFACTURING, INC.,

        Defendant and Respondent.

_____

Appeal from:  District Court of the Thirteenth Judicial District,
             In and for the County of Yellowstone,
             The Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Calton Law Firm, Billings, Montana

    For Respondent:

        Woods and Moe, Billings, Montana

_____

             Submitted on Briefs:  January 14, 1981

                    Decided:  March 11, 1981

Filed:    MAR 11 1981

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff Malan F. Johnston (Johnston) appeals from the decision of the District Court of the Thirteenth Judicial District, Yellowstone County, denying his claim for wages, penalties, attorney fees and costs. We affirm the decision of the District Court.

Johnston entered into an oral contract of employment with K & T Manufacturing, Inc. (K & T), a Wyoming-based corporation, on November 7, 1978. Johnston was hired to fly K & T's executive jet airplane. There was no express term of employment. Incidental expenses incurred by Johnston in the performance of his duties were paid by Johnston, and he was reimbursed by K & T after he submitted expense receipts. Johnston submitted a set of periodic expense receipts totaling $349.52 just prior to the termination of his employment. Johnston was fired on September 14, 1979. On September 15, 1979, he received a check for the full amount of wages owed him by K & T. Five days later, September 20, Johnston filed suit against K & T. Johnston sued for $500 for unused vacation time, $720.67 for employment expenses, $1,000 in severance pay, $2,063.77 in statutory penalties for K & T's failure to pay money due, $2,167 in attorney fees, and costs of suit. On July 22, 1980, the District Court, sitting without a jury, found that Johnston's allegations were unsupported by sufficient credible evidence, and that neither party was entitled to attorney fees or costs. (K & T had counterclaimed for damages for Johnston's withholding of the keys to the airplane after his discharge.) The Court also found that at the time of his discharge Johnston was paid all sums due him from K & T except for the disputed expense

-2-

claims which were paid on December 18, 1979. K & T paid Johnston $171.46 on that date. This was the portion of the expense receipts submitted by Johnston that K & T found to be reasonable. Johnston argues that as a result of the payment of the $171.46, K & T should be required to pay statutory penalties and attorney fees.

Johnston's first issue is whether the District Court erred in not holding K & T liable for statutory penalties as a result of K & T's failure to pay wages and monies due. The evidence showed that on the day of Johnston's discharge K & T owed a then undetermined sum for expenses incurred and paid by Johnston. The evidence further showed that K & T paid $171.46 to Johnston with a December 18, 1979, check. The check bore the notation "full expenses due." Johnston claims that this payment was for "wages" as that term is defined by section 39-3-201(5), MCA, which states:

> "'Wages' includes any money due an employee from the
> employer or employers, whether to be paid by the
> hour, day, week, semimonthly, monthly or yearly and
> shall include bonus, piecework, tips and gratuities
> of any kind."

Johnston argues that reimbursement was not made to him within six days as required under section 39-3-205, MCA, which establishes when wages are to be paid if an employee is separated from employment prior to payday. Johnston further contends that because reimbursement was not made within six days, the penalty of section 39-3-206, MCA, should have been imposed. That section in pertinent part provides:

> "Penalty for failure to pay wages at times speci-
> fied in law . . . A penalty shall also be assessed
> against and paid by such employer and become due
> such employee as follows:  a sum equivalent to
> the fixed amount of 5% of the wages due and unpaid
> shall be assessed for each day, except Sundays and
> legal holidays, upon which such failure continues

after the day upon which such wages were due, except that such failure shall not be deemed to continue more than 20 days after the date such wages were due."

We find that the $171.46 payment was not wages under section 39-3-201(5), MCA, or section 39-3-206, MCA. Such payment was an "indemnification of employee" referred to in section 39-2-701(1), MCA. There is no statutory penalty for the failure to indemnify an employee for expenditures covered by that section. We hold that the penalty for failure to pay wages under section 39-3-206, MCA, does not apply to the $171.46 payment.

The next issue presented by Johnston is whether the trial court erred in not finding K & T liable for Johnston's attorney fees and costs under section 39-3-214, MCA:

"Court costs and attorneys' fees. (1) Whenever it is necessary for the employee to enter or maintain a suit at law for the recovery or collection of wages due as provided for by this part, a resulting judgment must include a reasonable attorney's fee in favor of the successful party, to be taxed as part of the costs in the case.

"(2) Any judgment for the plaintiff in a proceeding pursuant to this part must include all costs reasonably incurred in connection with the proceeding, including attorneys' fees."

As previously stated, the $171.46 payment was not a payment for wages. In addition, Johnston did not obtain a judgment for wages due so as to trigger the statutory requirement for an award of reasonable attorney fees and costs. In fact there was no judgment for the plaintiff as required under the above code section. Johnston has failed to meet the statutory requirements for attorney fees or costs.

The District Court decided against Johnston on both issues. The decision of the District Court is affirmed.

_____
Justice

-4-

We concur:

_Frank I. Haswell_
Chief Justice

_Gen. B. Daly_

_John Conway Harrison_

_Frank B. Morrison_
Justices