705 So.2d 296 (1997)
Farwanda ZANDERS
v.
GOLDEN AGE HOME CARE CENTER.
No. 97 CA 0218.
Court of Appeal of Louisiana, First Circuit.
December 29, 1997.
Marlise O. Harrell, Hammond, for Plaintiff/Appellee Farwanda Zanders.
Michael A. Triay, Metairie, for Defendant/Appellant Golden Age Home Care Center.
*297 Before CARTER, J., and TYSON,[1] and CHIASSON,[2] JJ. Pro Tem.
CARTER, Judge.
This is an appeal by defendant, Golden Age Home Care Center (Golden), from a judgment by the Office of Workers' Compensation finding the sum paid claimant, Farwanda Zanders (Zanders), for mileage should be included as part of her wages.

FACTS AND PROCEDURAL HISTORY
Zanders was employed by Golden as a certified nursing assistant, who assisted patients at their homes. On September 20, 1995, Zanders sustained an injury in the course and scope of her employment as she lifted a patient from a recliner. The parties stipulated that at the time of the accident, Zanders was a piecemeal employee as set forth by LSA-R.S. 23:1021(10)(d) and jurisprudence interpreting that legislation.
The parties also stipulated that for the twenty-six weeks prior to the September 20, 1995, work related accident, Zanders was paid as follows:
1. for the period March 22, 1995, until July 7, 1995, Zanders was paid the sum of $8.52 per visit;
2. for the period after July 7, 1995, up to and including the date of her work related injury, Zanders was paid the sum of $8.69 per visit.
3. the sum paid Zanders for visits during the twenty-six weeks prior to the work related accident was $7,819.79.
4. Zanders was paid the sum of $3.00 per visit for mileage associated with the use of her personal vehicle.
The parties' final stipulation was that during the twenty-six week period prior to the September 20, 1995 accident, the claimant worked a total of 130 days.
Trial was conducted on November 4, 1996, with the parties submitting briefs on the issue of whether the $3.00 per visit mileage sum should be included in the wage determination. On December 12, 1995, the workers' compensation judge rendered judgment in favor of Zanders, and against Golden, ordering Golden to pay Zanders weekly workers' compensation benefits which would include the calculation of the $3.00 per visit sum for mileage reimbursement.
Golden appealed the judgment raising the following issue for review:
The sole issue before the Court is whether the [workers' compensation judge] correctly determined that the sums paid the claimant for mileage pursuant to the use of her personal vehicle, as stipulated by the parties, were properly considered as wages under LSA-R.S. 23:1021(10)(d) and under the controlling jurisprudence of that legislation.

LAW AND DISCUSSION
Appellate review of questions of law is simply review of whether the trial court was legally correct or legally incorrect. Medline Industries, Inc. v. All-Med Supply & Equipment, 94-1504, p. 4 (La.App. 1st Cir. 4/7/95), 653 So.2d 830, 832. The appellate court owes no deference to the legal conclusions of the workers' compensation judge. See Phipps v. Amtrak, 94-1876, p. 6 (La.App. 1st Cir. 11/20/95), 666 So.2d 341, 344, writ denied, 95-3012 (La.2/28/96), 668 So.2d 368. Because the facts have been stipulated by the parties before the workers' compensation judge, our review is limited to whether the workers' compensation judge's decision was legally correct.
LSA-R.S. 23:1021(10)(d) provides for determining the average weekly wage as follows:
If the employee is employed on a unit, piecework, commission or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week *298 period and multiplied by four; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by four.
In reaching the decision to include Zanders' mileage sum as part of her wages, the workers' compensation judge relied upon LaPrarie v. Pony Express Courier, 628 So.2d 192 (La.App. 2nd Cir.1993), writs denied, 94-0014, 94-0024 (La.2/25/94), 632 So.2d 765, wherein a claimant was employed by defendant as a courier. Under a lease agreement, claimant was to receive $360.00 per week for the use of his personal vehicle. He was paid $4.35 per hour for his services. The $360.00 was reduced by the amount that he was paid for his services. Therefore, claimant always received $360.00 per week; he received one check for his services performed at the rate of $4.35 per hour, and a second check for the use of his vehicle, calculated as $360.00 less the amount he received for his services. LaPrarie v. Pony Express Courier, 628 So.2d at 195. Our brethren of the Second Circuit held the wages claimant received were more akin to a weekly salary. The variable rental payments, which were not linked to actual expenses, were used as a device to minimize appellant's exposure to workers' compensation liability. LaPrarie v. Pony Express Courier, 628 So.2d at 195.
The Louisiana Supreme Court, in Nesmith v. Reich Bros., 203 La. 928, 14 So.2d 767, 769 (1943) recognized that if the furnishing of equipment with which the work is done forms a considerable portion of the service for which the employee is paid, the rental value of the equipment should be deducted from the total amount paid in order to compute the employee's weekly wages. The Third Circuit Court of Appeal followed this approach in Thompson v. Cloud, 166 So.2d 28, 31 (La.App. 3rd Cir.1964), and deducted the value of a power saw furnished by the employee in determining the value of his services as a pulpwood cutter for purposes of calculating compensation benefits. See Fontenot v. Trans Gulf, Inc., 95-0342, pp. 13-14 (La.App. 1st Cir. 11/9/95), 664 So.2d 1238, 1247.
In Fontenot v. Trans Gulf, Inc., 664 So.2d 1238, this Court held that a truck driver's gross receipts for the twenty-six weeks prior to his accident did not constitute his gross earnings. In Fontenot, the claimant was a truck driver who also had a lease agreement with the defendant-employer. Claimant's gross receipts included payment for the rental value of his truck and the expenses incurred as well as for the value of his services as a truck driver. In Fontenot, this Court quoted Malone & Johnson, Workers' Compensation, Sec. 327 in 14 Louisiana Civil Law Treatise 114-16 (1992) as follows:
The term "wages" means the amount earned by the employee through his own labor, rather than the profits for his enterprising or rental for any equipment he may provide. Where an employee furnishes his own truck or other piece of equipment or provides his own helpers, an adjustment is ordinarily made in arriving at his wage so as to exclude those sums paid by the employer in remuneration for these items.
The facts as stipulated by the parties, reflect the $3.00 mileage expense per visit was linked to an actual expense. Unlike the claimant in LaPrarie, there is no evidence Zanders received the same amount per week, regardless of how much she used her vehicle. We conclude that the workers' compensation judge incorrectly applied the reasoning of LaPrarie to the instant case. In the instant case, Zanders' wages should include only the amount earned through her own labor. Her labor was the services she performed during each visit to a patient's home. The $3.00 mileage fee per visit does not represent Zanders' labor, but is linked to expenses she incurred as a result of using her vehicle. Under Fontenot and the authority cited therein, we find the $3.00 mileage sum per visit should not be included in the calculation to determine the amount of Zanders' workers' compensation benefits. Accordingly, we reverse the judgment of the workers' compensation judge.

*299 CONCLUSION
For the above and foregoing reasons, the judgment of the workers' compensation judge insofar as it included the $3.00 per visit mileage reimbursement in the calculation to determine worker's compensation benefits, is reversed, and we find Zanders' workers' compensation benefits should be calculated without the $3.00 per visit mileage sum. Zanders' average weekly wage, calculated according to the statutory formula set forth by LSA-R.S. 23:1021(10)(d), is $160.41.[3] Costs of the appeal are to be assessed to the appellee.
REVERSED AND RENDERED.
NOTES
[1] Judge Ralph E. Tyson, Nineteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[3] Zanders' return on her labor for the twenty-six week period preceding the accident was $7,819.79. During the twenty-six week period preceding the accident, Zanders worked a total of 130 days. Zanders' return on labor divided by the number of days worked is $60.15. This figure is multiplied by four to equal $240.61 which is then multiplied by 2/3 to reach the final sum of $160.41.