JUSTICE GRAY,
dissenting.
¶17 I respectfully dissent from the Court’s opinion holding that the indemnification provisions contained in § 39-2-701(1), MCA, cannot be waived by an employee via contract. As result, I would answer the question certified to this Court from the United States District Court for the District of Montana, Great Falls Division, in the affirmative.
¶18 The present case requires us to focus on two statutes. The first, § 39-2-701(1), MCA, provides that an employer is generally responsible for reimbursing expenses necessarily expended by an employee in the discharge of employment duties. The second, § 1-3-204, MCA, provides that a person may waive the advantage of a law intended solely for his or her benefit, but that “a law established for a public reason cannot be contravened by a private agreement.” The issue before us is whether § 39-2-701(1), MCA, is a law established for a public reason which may not be waived by the contract between Rothwell and Allstate or, alternatively, whether it is a law intended solely for the benefit of individual employees like Rothwell which she waived via the contract.
¶19 I agree with the Court that, in previous cases such as Neiss and Hoehne, we have held that certain laws — specifically, minimum wage and overtime compensation statutes — were enacted for a public reason (that is, for the benefit of the public as a whole rather than for the sole benefit of individual employees) and were not waivable via private contract. In addition, the Court is correct that, in other cases, we have held that a statute requiring notice to a subcontractor, a statutory notice requirement favoring a taxpayer, and a law permitting an employee to elect not to be bound by the Workers’ Compensation Act (under the law in effect at the time which allowed such an election, thereby preserving the employee’s right to sue the employer for damages) were waivable statutory rights intended to benefit the individuals, rather than statutes established for a public reason. See Earl Clack Co., Anaconda Copper Mining Co., and Shea. In addition, we have held that a widow could waive her right to receive her deceased husband’s workers’ compensation benefits because the right to those benefits was personal to her, and that statutes of limitations may be waived because they are a personal privilege benefitting individuals and were not established to secure general objects of policy. See Matter of Gaither and Parchen. However, none of our previous opinions re *400 lating to whether certain statutes are “established for a public reason” or are intended solely for the benefit of the individual contains a substantive analysis or evaluation of the appropriate means for distinguishing between the two types of statutes for purposes of determining whether they can — or cannot — be waived by private agreement.
¶20 Unfortunately, the Court’s opinion in the present case also does not offer any insight into the proper way to distinguish between the two types of statutes at issue here in order to resolve the ultimate issue of waiver. As a result, it also does not provide any guidance to trial courts, lawyers and litigants in resolving this issue in future cases.
¶21 Instead, the Court simply states in a conclusory fashion, and without further elucidation, that “[i]ndemnification of an employee for expenses incurred in the discharge of the employee’s duties is a form of employee compensation similar to the payment of overtime compensation and minimum wage.” On that basis, it concludes that the present case “is dissimilar” to our earlier cases, referenced above, which determined that the specific statutory provisions at issue therein were enacted for a private benefit and, thus, could be waived. Again, no explanation or analysis is provided.
¶22 Given this backdrop, it is difficult to discuss the legal error in the Court’s opinion, so I will confine myself to two points. First, at least as presented by the Court, I disagree that the indemnification of an employee for expenses necessarily expended in the discharge of employment duties is a form of compensation “similar” to the payment of overtime and minimum wage. The Court cites to no authority in support of this proposition and, certainly, nothing in the language of § 39-2-701(1), MCA, fairly can be said to support the Court’s statement. Rather, it is important to observe that § 39-2-701, MCA, is located in a different chapter of Title 39 than are the minimum wage and overtime laws: § 39-2-701, MCA, is located in Chapter 2 of that Title, entitled “The Employment Relationship,” while the minimum wage and overtime laws are contained in Chapter 3 of Title 39, entitled “Wages and Wage Protection.” Moreover, the Legislature has enacted a strong policy statement with regard to minimum wage and overtime compensation, which makes clear that those statutes are, indeed, established for a public reason and not intended for the sole benefit of individuals. See § 39-3-401, MCA. Thus, it is clear from both the Legislature’s policy declaration and our prior cases that the bene *401 fits of the minimum wage and overtime statutes cannot be waived by private agreement, a proposition with which I wholeheartedly agree.
¶23 No such policy declaration or case law, however, supports the notion that statutory indemnification of employees is a “form of employee compensation similar to” minimum wage and overtime. In addition, while the statutory definition of “wage” set forth at § 39-3-402(7)(a), MCA — in the Wages and Wage Protection chapter of Title 39 — conceivably could be read to include indemnification of or reimbursement to an employee for expenses relating to the employment, the Legislature has limited the application of that definition to the minimum wage and overtime compensation statutes (see § 39-3-402, MCA) and, as a result, that definition cannot properly be applied in the context of § 39-2-701, MCA. See § 1-2-107, MCA. The same is true of the statutory definition of “wages” contained in § 39-3-201(7)(a), MCA. Finally, in this regard, we have held that indemnification payments to employees under § 39-2-701(1), MCA, the very statute at issue in the present case, are not “wages” under § 39-3-201, MCA, or § 39-3-206, MCA, for purposes of the penalty provided in the latter statute for failure to timely pay wages. Johnston v. K & T Mfg., Inc. (1981), 191 Mont. 458, 460, 625 P.2d 66, 67. For all these reasons, it is my view that the Court’s “similar to” conclusion is without legal support.
¶24 My second point with regard to the error I perceive in the Court’s opinion is the Court’s somewhat loose use of the term “an expression of public policy” as the equivalent of the language “established for a public reason” which is contained in § 1-3-204, MCA. It can — and should — be said that every statute duly enacted by the Legislature is an expression of public policy with regard to its subject matter. However, the “public policy” connotation cannot properly be equated to the “public reason” language in § 1-3-204, MCA, because to do so would render § 1-3-204, MCA, a nullity. Section 1-3-204, MCA, clearly contemplates that only some laws have been established for a “public reason” and, pursuant to the statute, the benefit of such laws cannot be waived by private contract. Interpreting “public reason” and “public policy” as essentially identical renders the language of § 1-3-204, MCA — permitting waiver of the advantage of a law intended solely for an individual’s benefit — totally ineffective and mere verbiage. Such a result clearly was not intended by the Legislature and we are obligated to interpret statutes to give them effect wherever possible, rather than to render them mere surplusage. Formicove, Inc. v. Burlington Northern, Inc. (1983), 207 Mont. 189, 194, 673 P.2d 469, *402 471 (citation omitted). For these reasons, it is my view that the Court’s implicit substitution of “an expression of public policy” for the statutory language “established for a public reason” is both inappropriate and unsupported.
¶25 My disagreement with the result the Court reaches in this case does not mean that no supportable arguments can be made for that result. My disagreement is that the Court has not supported its result with any legal analysis or authority. Absent such support, I must respectfully dissent.