| THIBODEAUX, J.
In this sexual harassment case, the defendant, Louisiana Casino Cruises, Inc., d/b/a, Casino Rouge (hereinafter “Casino Rouge”), suspensively appeals the trial court’s judgment in favor of plaintiff, Anna Hamilton. Casino Rouge does not dispute Ms. Hamilton’s acceptance of its offer of judgment pursuant to La.Code Civ.P. art. 970. Rather, it disagrees with the trial court’s phraseology of the judgment memorializing the offer of judgment. Plaintiff answers, requesting damages for a frivolous appeal.
For the following reasons, we affirm the trial court’s judgment and also award $5,000 attorney fees for the frivolous appeal.
I.

ISSUES

For Casino Rouge, we shall consider:
1. whether the trial court erred in finding that reference to Louisiana Code of Civil Procedure Article 970 in a judgment incorporates the stipulation that the judgment is made without an admission of liability and settlement of Anna Hamilton’s claim; and,
2. whether the court erred in granting Ms. Hamilton’s Motion for Entry of Judgment pursuant to Article 970.
For Anna Hamilton, we shall consider:
1. whether Ms. Hamilton should be granted a dismissal of Casino Rouge’s appeal; and,
2. whether Casino Rouge’s appeal is frivolous, thus entitling Ms. Hamilton to damages, costs and additional attorney fees.
[[Image here]]

FACTS

Anna Hamilton was hired by Casino Rouge in May 1995 as a cocktail waitress. Beginning in May 1995, Ms. Hamilton alleges that she was sexually harassed by employees and supervisors of Casino Rouge. After reporting the incidences to her supervisory personnel, Ms. Hamilton contends that Casino Rouge failed to take adequate steps to protect her in her work environment, and subsequently retaliated against her by transferring her to less desirable work shifts and by subjecting her to increased discipline. - Ms. Hamilton was compelled to seek psychological and psychiatric treatment as a result of this mistreatment. On or about August 20, 1997, Ms. Hamilton resigned from her job at Casino Rouge.
Ms. Hamilton filed suit against Casino Rouge on August 19, 1997 for damages. After several months of discovery, Casino Rouge offered Ms. Hamilton a judgment by a letter dated November 10, 1998. Ms. Hamilton timely accepted the offer in a *3 letter from her attorney dated November 16,1998.
The parties began discussions related to the phrasing of the consent judgment to be submitted to the court for its signature. Casino Rouge desired to have the phrase “without any admission of liability” inserted into the court’s judgment. After an agreement could not be reached, both parties filed motions for entry of judgment pursuant to Louisiana Code of Civil Procedure Article 970. The trial court conducted a hearing on February 18, 1999. On that date, the court signed the judgment submitted by Ms. Hamilton, finding that reference to Article 970 of the Louisiana Code of Civil Procedure was sufficient to imply the language sought by Casino Rouge in its motion.
|sOn March 10, 1999, the trial court granted Casino Rouge’s Motion and Order for Suspensive Appeal. Ms. Hamilton filed a motion to dismiss the appeal, and she filed an answer, asserting that Casino Rouge’s appeal is frivolous.
III.

LAW AND DISCUSSION

Standard of Review
The issue of whether a reference to Article 970 of the Louisiana Code of Civil Procedure incorporates the requirement “without admission of liability” is a question of law. Questions of law are resolved by determining whether the trial judge was legally correct or legally incorrect. Taylor v. Taylor, 97-1565 (La.App. 1 Cir. 6/25/99); 739 So.2d 256.
“Appellate review of questions of law is simply review of whether the trial court was legally correct or incorrect.” Zanders v. Golden Age Home Care Ctr., 97-0218, p. 3 (La.App. 1 Cir. 12/29/97); 705 So.2d 296, 297. “[AJppellate review of questions of law is simply to discern whether the trial court’s interpretive decision is legally correct.” Morin v. Foret, 98-0120, p. 7 (La.App. 3 Cir. 4/14/99); 736 So.2d 279, 283. “The manifest error doctrine relates only to factual findings of the trier of fact and has no application to conclusions of law .... ” Hayden v. New Orleans Baton Rouge Steamship Pilots Fee Comm’n., 96-0062, 96-0063, p. 4 (La. App. 1 Cir. 1/8/97); 690 So.2d 79, 83 (citation omitted).
Language of Judgment
Casino Rouge argues that the trial court erred in determining that reference to Article 970 of Louisiana Code of Civil Procedure satisfies the stipulation that its judgment is made without admission of liability and in settlement of Ms. 14Hamilton’s claim. The fundamental argument of Casino Rouge is that reference to the title of Article 970 is insufficient to express that the judgment is entered into without admission of liability. Casino Rouge insists that “[i]f a title is not part of the statute or article and can be used to interpret its meaning only when ambiguity exists, it stands to reason that the title cannot be used to implicate specific provisions and statements of that article.”
In its brief, Casino Rouge erroneously concludes that the title of the article in dispute is, “Louisiana Code of Civil Procedure Article 970.” Black’s Law Dictionary, 6th Ed., West Publishing Company 1991, p. 1032, defines “title” as follows:
[T]he name by which anything is known .... So, in legislation, the title of a statute is the heading or preliminary part, furnishing the name by which the act is individually known. It is usually prefixed to the statute in the form of a brief summary of its contents; as “An act for the prevention of gaming.”
*4 (Emphases added). “Title of an act” is defined as, “The heading, or introductory clause, of a statute, wherein is briefly recited its purpose or nature, or the subject to which it relates.” Id. at 1084.
The title of the article in dispute is “Motion for judgment on offer of judgment,” not “Louisiana Code of Civil Procedure Article 970” as maintained by Casino Rouge.
La.Code Civ.P. art.970, which is the numeric reference to “Motion for judgment on offer of judgment,” states, in pertinent part:
A. At any time more than thirty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them.
Ut is painstakingly obvious that Ms. Hamilton’s judgment, which was accepted by the trial court, did not include the title of the article. The judgment reads, “Pursuant to the offer of judgment under La. C.C.P. Art. 970 made on behalf of Louisiana Casino Cruises, Inc.... there be and is hereby rendered judgment in this matter in favor of Anna Hamilton and against Louisiana Casino Cruises, Inc.... in the full amount and true sum of $20,000 .... ” (emphasis added). Reference to the article in such a manner incorporated and discussed the entire relevant portions of Article 970. The most relevant portion being “without any admission of liability.” The language of Article 970, which is entitled “Motion for judgment on offer of judgment” is indisputable and must be interpreted according to its clear legislative connotation.
This court is not persuaded by Casino Rouge’s anaemic argument that the trial court’s judgment was insufficient to express an admission without liability. Adding the “without admission of liability” language would have been redundant and superfluous.
Granting of Motion for Entry of Judgment
Our above conclusion and reasoning eradicate the need to address Casino Rouge’s argument that the trial court erred in granting Ms. Hamilton’s Motion for Entry of Judgment.
Dismissal of Appeal
Ms. Hamilton has filed a motion to dismiss Casino Rouge’s appeal. She argues that no appeal can be taken by a party who has consented to the judgment, and she cites La.Code Civ.P. art. 970(F), which states:
LA judgment granted on a motion for judgment on an offer of judgment is a final judgment when signed by the judge; however, an appeal cannot be taken by a party who has consented to the judgment.
(Emphasis added).
Ms. Hamilton’s interpretation of this statute in this particular case is inaccurate. Casino Rouge did not consent to the judgment. There were no terms stipulated in the judgment to which Casino Rouge consented. Casino Rouge is only appealing a fraction of the terminology used in the judgment, not the terms of it.
Ms. Hamilton attempts to further buttress her position by asserting the relevance of Louisiana Code of Civil Procedure Article 2085. This article provides:
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not pre- *5 elude an appeal as to other parts of such judgment.
We agree that Casino Rouge offered a judgment; however, the objection is not in response to the judgment which the Casino offered. The objection is to the phraseology of the judgment offered by Ms. Hamilton. Thus, Articles 970(F) and 2085 are not applicable.
Frivolous Appeal
In her answer, Ms. Hamilton asserts that this is a frivolous appeal and entreats us to award damages. We grant that request.
Casino Rouge submitted the offer of judgment on November 10, 1998. Ms. Hamilton accepted on November 16, 1998. Because the parties were unable to agree on the phrasing of the judgment, a court hearing had to be held on February 8, 1999 to determine which party’s judgment would be employed. The court provided 17oral reasons on February 8 for adopting Ms. Hamilton’s proposed judgment, a judgment which was signed on February 18, 1999. Casino Rouge suspensively appealed the judgment on March 10, 1999.
During oral argument, counsel for Casino Rouge was asked why Casino Rouge suspensively appealed the judgment. Counsel responded that the Casino “wanted to show the court how serious they were.” Counsel continued that the sincerity of the Casino had to be conveyed. We find this response to be drivel, at its best.
The objective of a suspensive appeal is to suspend the execution or enforcement of a judgment for collection. La.Code Civ.P. art. 2123. Casino Rouge admits that the amount of the judgment, $20,000, is undisputed and owing to Ms. Hamilton, regardless of the outcome of this appeal. It has agreed to pay this amount. In taking the suspensive appeal, Casino Rouge explained that “they needed to get a resolution of the issue.” This court is unpersuaded. Casino Rouge could have been just as serious and sincere with a devolutive appeal, an appeal which does not suspend the effect or the execution of an appealable order or judgment. If a devolutive appeal would have been taken, Ms. Hamilton would have received the money which all parties agreed to months ago. It is significant that Casino Rouge is objecting only to the ivording of the judgment. Regardless of whether we- affirm or reverse the trial court’s judgment, Ms. Hamilton’s entitlement to $20,000 is unaffected. While we entertain a serious doubt regarding the propriety of any appeal, we do not doubt the inappropriateness of this suspensive appeal. It is the character of the appeal which concerns us rather than an appeal itself.
Louisiana Code of Civil Procedure Article 2164 authorizes damages for frivolous appeals. “Under this article, we have the authority to award damages for |sa frivolous appeal when ... the appeal is taken solely for the purpose of delay.” State Farm Mut. Auto. Ins. Co. v. Callahan, 571 So.2d 852, 854 (La.App. 3 Cir.1990). As we have previously mentioned, Casino Rouge cannot avoid paying Ms. Hamilton. This appeal was strictly a delay tactic, one which this court will not condone. However, we do find that under the authority of Article 2164, Ms. Hamilton is entitled to $5,000 in attorney fees for litigation of this appeal.
IV.

CONCLUSION

For the foregoing reasons, we affirm the February 18, 1999 judgment of the trial court, and award Ms. Hamilton legal interest on the original judgment commencing on February 18, 1999, the date the trial court signed the judgment. Our finding *6 that this was a frivolous suspensive appeal entitles Ms. Hamilton to an award of $5,000 for attorney fees.
Casino Rouge is assessed with all costs of this appeal.
AFFIRMED.
DAMAGES OF $5,000 IN ATTORNEY FEES AWARDED FOR FRIVOLOUS SUSPENSIVE APPEAL.
AMY, J., concurs in the result.