I .GUIDRY, J.
An independent contractor hired by defendant company appeals a judgment sustaining a peremptory exception raising the objection of prescription to the independent contractor’s claim for reimbursement of job-related expenses. Finding that the trial court erred in sustaining the exception relative to this claim, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
By oral agreement, appellant, Steven F. Price, was hired as an independent contractor to perform consulting and supervisory work for Stranco, Inc., on or about May 20, 1996.[1] According to the terms of the oral agreement, Mr. Price was to receive an hourly wage and reimbursement of any job-related expenses. In October 1998, Mr. Price ceased working for Stran-co, after which he demanded reimbursement for job-related expenses based on outstanding invoices he had previously submitted.
On December 3, 2001, Mr. Price filed a petition for breach of contract against Stranco, alleging that Stranco refused to reimburse him for the job-related expenses he had incurred while working for the company. He further asserted that Stran-co refused to pay him rental payments for a utility trailer he had provided for Stran- *84 co’s use or to return the utility trailer to him. Stranco initially excepted to Mr. Price’s petition, raising the objections of improper venue, improper use of summary proceedings, and vagueness, with the last objection being sustained by the trial court. Mr. Price later amended his petition to allege the specific amounts owed by Stranco. Stranco answered Mr. Price’s amended petition, first excepting to his claims on the basis of prescription and, alternatively, denying liability for the debt | ^allegedly owed.
A hearing on the exception urging prescription was held, following which the trial court sustained the exception as it pertained to Mr. Price’s claim for reimbursement of job-related expenses. After the denial of his motion for new trial, Mr. Price moved for the present appeal.
ASSIGNMENT OF ERROR
In the sole assignment of error presented by Mr. Price for our review, he contends, “[t]he trial court erred in holding that the plaintiffs cause of action against the defendant for reimbursement of the plaintiffs job-related expenses is subject to the three-year prescriptive period of Civil Code Art. 3494, and therefore the trial court erred in holding that cause of action prescribed.”
DISCUSSION
At issue in this appeal is whether Mr. Price’s claim for reimbursement of job-related expenses is subject to the three-year prescriptive period mandated by La. C.C. art. 3494(1) or the longer ten-year prescriptive period of La. C.C. art. 3499. In pertinent part, those articles provide:
Art. 3494. Actions subject to a three-year prescription
The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;
Art. 3499. Personal action
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
I/The trial court obviously found that Mr. Price’s claim for reimbursement of job-related expenses to essentially be a claim for compensation for services rendered, which would be subject to the three-year prescriptive period found in La. C.C. art. 3494(1). For the following reasons, we find that Mr. Price’s claim for reimbursement of job-related expenses differs from a claim for compensation for services rendered and thus is not subject to the three-year prescriptive period provided in La. C.C. art. 3494(1).
Statutes providing for prescriptive periods are to be strictly construed in favor of maintaining a cause of action. David v. Our Lady of the Lake Hosp., Inc., 02-2675, p. 12 (La.7/2/03), 849 So.2d 38, 47. Section one of La. C.C. art. 3494 expressly states that an action for the recovery of “compensation for services rendered” is subject to a liberative prescription of three years. Examples of such compensation are set forth in the article. All are in the nature of income items to the person or entity providing the service. The money that Price is seeking to recover in this case is of a different character. It is in the nature of an expense of his business. Further, our research has not revealed any statutes or jurisprudence classifying such expenses as compensation.
*85 In reaching the conclusion that Mr. Price’s claim for reimbursement of job-related expenses is not in the nature of a claim for compensation for services rendered, we are guided by jurisprudence in which courts have been called on to determine the compensation or wages due a discharged laborer or employee for the purposes of La. R.S. 23:631-639, as well as jurisprudence relating to workers’ compensation law and tax assessments. Although inapplicable to claims of independent contractors, the jurisprudence is nevertheless helpful in defining “compensation” for the purpose of strictly interpreting La. C.C. art. 3494(1).
lKIn actions to recover unpaid wages pursuant to La. R.S. 23:631-639, jurisprudence has held that wages are any amount due under the terms of employment, which are earned during a pay period. Boudreaux v. Hamilton Medical Group, Inc., 94-0879, p. 5 (La.10/17/94), 644 So.2d 619, 622; Tran v. Petroleum Helicopters, 00-0051, p. 5 (La.App. 3rd Cir.6/28/00), 771 So.2d 673, 676, writ denied, 00-2886 (La.12/8/00), 776 So.2d 463. In contrast, the reimbursement sought by Mr. Price is not a sum “earned” but simply an expense incurred or expenditure made by Mr. Price as a result of his work duties. The word “earn” is defined as “[t]o acquire by labor, service, or performance.” Black’s Law Dictionary 525 (7th ed.1999). Some of the job-related expenses claimed by Mr. Price include the costs of lodging, meals, and mileage while working on out-of-town jobs. At trial, it was acknowledged by all witnesses that Mr. Price was paid all sums due him as hourly wages.
In Zanders v. Golden Age Home Care Center, 97-0218 (La.App. 1st Cir.12/29/97), 705 So.2d 296, to calculate the employee’s wages for assessment of workers’ compensation benefits, this court considered whether the amount paid to the employee as reimbursement of her mileage expenses could be included as part of her wages. In finding that the workers’ compensation judge erred in including the amount of reimbursement for mileage expenses as the employee’s wages, this court held “wages should include only the amount earned through her own labor.” Zanders, 97-0218 at 4, 705 So.2d at 298; see also Johnston v. K & T Manufacturing, Inc., 191 Mont. 458, 625 P.2d 66 (1981).
In Shotgun Delivery, Inc. v. United States, 269 F.3d 969 (9th Cir.2001), the appellate court affirmed, in part, a summary judgment granted in favor of the Internal Revenue Service (IRS). In that case, the court found | Bthat the IRS properly assessed the taxpayer more than $450,000 in delinquent employment taxes for failing to include sums paid to its employees in the form of mileage checks as wages. Shotgun, 269 F.3d at 970. The court held that to constitute nontaxable payments, the mileage reimbursements paid by the taxpayer to its employees had to be for expenses that the employee actually incurred or was reasonably expected to incur and could substantiate. Shotgun, 269 F.3d at 972. Because the mileage checks issued to the taxpayer’s employees were for sums equal to a set percentage of the total delivery charges for jobs the employees completed and were not directly or substantially related to the actual expenses incurred (i.e., the actual mileage driven by the employee drivers), the court concluded that mileage checks should have been treated as wages and thus subject to the assessment of employment taxes. Shotgun, 269 F.3d at 973.
As previously noted, in the case before us, Mr. Price was engaged by Stranco to provide supervisory and consulting services. He is seeking reimbursement for expenses he actually incurred while providing those services, which were substan *86 tiated by invoices submitted to Stranco. Mr. Price’s wage or compensation was only those sums earned through his own labor, namely, the hourly wage paid him for the consulting and supervisory services provided, not those sums he had previously incurred for expenses related to the performance of his job duties. Thus, we find that the trial court legally erred in finding that the three-year prescriptive period provided in La. C.C. art. 3494(1) applied to Mr. Price’s claim for reimbursement of his job-related expenses. Accordingly, we conclude the ten-year prescriptive period of La. C.C. art. 3499 is applicable to his claim.
^CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court finding Mr. Price’s claim for reimbursement of job-related expenses had prescribed and remand for further proceedings. All costs of this appeal are assessed to Stranco, Inc.
REVERSED AND REMANDED.
CARTER, C.J. and DOWNING, J., dissents and assigns reasons.

. At the hearing on the exception, Mr. Price testified that he began working for Stranco in August 1994.