WILLIAMS, Judge.
| Jfhe plaintiff, B. Earl Raborn, appeals a judgment in favor of the defendants, Gulf States Pipeline Corporation, Gulf States Gas Pipeline Corporation, Franks’ Petroleum, Inc., Fred Plitt and Alta Franks, executrix of the Succession of John Franks. The district court sustained the defendants’ exception of prescription, dismissing all of plaintiffs claims for breach of contract and failure to transfer shares of stock. For the following reasons, we affirm.
FACTS
On January 5, 1989, Earl Raborn signed an employment contract with Gulf States Gas Corporation. The contract designated Raborn as a “key employee” and stated he was entitled “at no cost, to one percent (1%) of the outstanding shares of common stock of the company, its subsidiaries or affiliates.” Subsequently, Gulf States Gas Corporation was merged with Gulf States Pipeline Corporation. In January 1990, Raborn was appointed vice-president of Gulf States Pipeline Corporation. The company changed its name to Gulf States Gas Pipeline Corporation and was later acquired by El Paso Natural Gas Company. On December 28, 1990, Raborn’s employment was terminated. The company did not issue any shares of stock to Ra-born or pay any further salary or commission.
On December 6, 2000, the plaintiff, Earl Raborn, filed a petition for breach of employment contract against the defendants, Gulf States Pipeline Corporation, Gulf States Gas Pipeline Corporation, Franks’ Petroleum, Inc., John Franks, Fred Plitt and El Paso Natural Gas Company, which was later dismissed from the lawsuit. John Franks died while the lawsuit was | ¡^pending and Alta Franks, his widow and executrix of his succession, was substituted as a party defendant. The plaintiff alleged that as a result of the breach of contract, the defendants owed him approximately $46,000 in unpaid commissions, $150,000 in future commissions, $135,000 in unpaid salary, and $400,000 as the approximate value of one percent of the company’s outstanding shares of common stock. In April 2006, the defendants filed peremptory exceptions of prescription and no cause and no right of action. The plaintiff filed a motion to amend the petition with a proposed amended petition.
*355 Subsequently, the district court denied plaintiffs motion to amend and sustained the defendants’ exceptions of prescription and no right and no cause of action, dismissing plaintiffs claims. The court found that the plaintiffs claims for salary, commission, severance and shares of stock all involved recovery of compensation for services and were governed by the three-year prescriptive period of LSA-C.C. art. 3494. The court concluded that the limitation period had run before plaintiff filed suit and rendered judgment in favor of defendants. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the district court erred in granting the defendants’ peremptory exception of prescription. Plaintiff argues that the ten-year prescriptive period for personal actions should apply in this case because the defendants’ obligation to issue shares of stock to him was not compensation for his services, since the stock was owed regardless of his job performance.
|sThe applicable prescriptive period is determined by the character of the action disclosed in the pleadings. Starns v. Emmons, 538 So.2d 275 (La.1989); Wonycott v. Southern Business Machines, Inc., 595 So.2d 723 (La.App. 5th Cir.1992). The nature of the basic underlying action determines the appropriate prescriptive period. Fishbein v. LSU Health Sciences Center, 04-2482 (La.4/12/05), 898 So.2d 1260. A personal action is subject to a liberative prescription of ten years unless otherwise provided by law. LSA-C.C. art. 3499. An action to recover compensation for services rendered, including payment of salary, wages and commissions, is subject to a three-year prescriptive period. LSA-C.C. art. 3494. This prescription commences to run from the day payment is exigible. LSA-C.C. art. 3495.
In the present case, plaintiffs petition asserted that he signed an employment contract with Gulf States Gas Corporation providing that he would receive, in consideration of being a key employee, one percent of the company’s shares of common stock. In addition, plaintiff alleged that he was terminated in violation of the employment contract and that he was entitled to the payment of compensation as provided in paragraph three of the contract.
The employment contract was admitted into evidence and included a paragraph titled “HI. COMPENSATION,” which provides that the company would compensate plaintiff for his services with a salary and commissions. Additionally, paragraph 3.4 states, “The Company has designated the Employee as a ‘Key Employee’ which entitles him, at no cost, to one (1%) percent of the outstanding shares of common stock of the |4Company, its subsidiaries or affiliates.”
In his brief, plaintiff contends the company’s contractual obligation to deliver one percent of common stock to him was not compensation for his services and that this obligation would have existed whether or not he performed any services. However, the language of the contract does not support plaintiffs contention. The contract expressly provides that plaintiffs employment entitled him to receive the stock. Such language reasonably suggests that the one percent of stock was a form of compensation for plaintiffs services as a key employee, particularly since the language is included in the contract provisions regarding compensation. In addition, no stock was issued at the time the agreement was signed, another indication that the stock shares were intended as compensation in return for plaintiffs services as an employee.
*356 Contrary to the plaintiffs position, the object of the contract was not simply to transfer stock. Rather, the substance of the agreement was that plaintiff would perform services for a specified term and in return would receive the stated compensation from the company. Further, considering plaintiffs petition as a whole, his primary claim was to recover unpaid compensation as provided in the employment contract, including the shares of common stock.
Based upon this record, we cannot say the district court was clearly wrong in finding that the plaintiffs claim for shares of stock was an action which sought recovery of compensation for employment services rendered. Consequently, the court was correct in applying the three-year prescriptive | ¡¡period of Article 3494 in this case. Thus, even assuming that prescription did not begin to run until the date when the corporate merger with El Paso Natural Gas was completed on September 22, 1997, the applicable prescriptive period had expired when plaintiff filed this lawsuit on December 6, 2000. The plaintiffs assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, B. Earl Raborn.
AFFIRMED.