# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 6, 2022

Lyle W. Cayce
Clerk

No. 22-30052

Inspire Up, L.L.C., formerly known as Inspire, L.L.C.,

*Plaintiff—Appellant*,

*versus*

B R F Hospital Holdings, L.L.C., doing business as University Health System,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CV-2043

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

Plaintiff Inspire Up brought suit for breach of contract. The suit alleges that Defendant University Health terminated the contract with less than six months notice but failed to pay the fees required under the contract for such terminations. The district court granted Defendant's motion to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-30052

dismiss because it found that Plaintiff's claim was untimely under Louisiana's three-year prescription period for actions based on compensation for services rendered. We disagree. This breach of contract suit does not concern compensation for services rendered, so the three-year prescription period does not apply. We accordingly reverse and remand for further proceedings.

## I.

Plaintiff provided consulting services to Defendant under a Professional Services Management Agreement ("Agreement"), which allowed either party to terminate the Agreement without cause. The parties' respective obligations upon termination turned on whether the terminating party provided six months notice. If Defendant provided six months notice, Plaintiff was required to furnish, for pay, "a minimum of twenty (20) consulting dates per month" during the six-month "notice period." If Defendant provided less than six months notice, Defendant was required to pay "a sum equal to consulting services over a six-month period" but Plaintiff did not have a reciprocal obligation.

On March 27, 2015, Defendant terminated the Agreement "effective immediately." Since Defendant provided less than six months notice, it owed Plaintiff six months' worth of consulting fees. However, Defendant refused to pay. Plaintiff filed suit six years later, on July 15, 2021, and Defendant moved to dismiss the complaint as untimely under Louisiana's three-year prescriptive period for claims for past due wages, *see* LA. CIV. CODE art. 3494(1). Plaintiff responded that Louisiana's general ten-year prescriptive period for personal actions applied instead. The district court found that Plaintiffs' claim was a claim for severance payments and that severance payments fall within Article 3494(1). Accordingly, the district court granted Defendant's motion to dismiss. Plaintiff timely appealed.

## II.

We review de novo dismissals based on prescription. *Brown v. Slenker*, 220 F.3d 411, 419 (5th Cir. 2000). The parties agree that Louisiana law provides the relevant prescriptive period.

Under Louisiana law, "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." LA. CIV. CODE art. 3499. One exception to this general rule is Article 3494, which provides a "liberative period of three years" for "[a]n action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board." *Id.* art. 3494(1).

Plaintiff argues that the district court erred in finding that Article 3494's three-year prescription period governed Plaintiff's claim. Instead, Plaintiff contends that Article 3494(1) unambiguously applies only to claims of compensation "for services rendered." And according to Plaintiff, its breach of contract claim did not seek compensation for any services that it rendered. Plaintiff argues that it instead sought a severance payment that was unrelated to any service it had rendered and was owed only because Defendant terminated the Agreement with less than six months notice.

We agree. Article 3494(1) unambiguously applies only to "compensation for services rendered." Plaintiff does not seek compensation for any services that it rendered. As a straightforward textual matter, Plaintiff's argument is convincing.

Defendant disagrees and would have us equate "compensation for services rendered" with "compensation for *no* services rendered." We reject this atextual interpretation of Article 3494.

No. 22-30052

Defendant argues—and the district court agreed—that (1) *Minor v. Monroe Surgical Hosp., LLC*, 49,367 (La. App. 2 Cir. 11/19/14), 154 So. 3d 665, holds that Section 3494 applies to independent contractors, and (2) Louisiana courts have held that Section 3494 applies to claims for payments due upon the termination of a contract irrespective of whether that payment is compensation for services rendered. **Red Br. at 11, 14.**

Neither argument is convincing. First, *Minor* is not relevant here. The district court addressed the applicability of Section 3494 to independent contractors because Plaintiff disputed it before the district court. Plaintiff does not dispute that issue on appeal. The only question here is whether Section 3494 applies to Plaintiff's severance claim. Second, the Louisiana state court cases that the district court relied on relied on, *Assaleh v. Sherwood Forest Country Club, Inc.*, 2007-1939 (La.App. 1 Cir. 5/2/08), 991 So.2d 67, and *Raborn v. Gulf States Pipeline Corp.*, 41,974 (La.App. 2 Cir. 4/4/07), 954 So.2d 353, did not extend Article 3494 to claims for payments due upon the termination of a contract where the payments are not compensation for services rendered.

Defendant argues that Article 3494 applies to Plaintiff's claim for severance payments because *Assaleh* applied Article 3494's three-year prescriptive period to "a claim for additional salary or additional severance pay." 991 So.2d at 72 (quotations omitted). However, the "additional severance pay" at issue in *Assaleh* was not a typical severance payment due upon termination without any reciprocal obligation on the non-terminating party. Rather, because of *Assaleh*'s unique facts, the "additional severance pay" was actually compensation for services already rendered by the plaintiff. This explains why the *Assaleh* court also characterized the payment

as "additional salary" and applied Article 3494, which the court described as governing claims "based on the recovery of wages."[1] *Id.*

*Raborn* does not help Defendant either. Although *Raborn* affirmed the trial court's holding that Article 3494 governed the plaintiff's claims, which included a severance claim, the only issue on appeal was whether the Defendant's contractual obligation to issue stock was compensation for the plaintiff's services. 954 So.2d at 355. Accordingly, *Raborn* did not affirm the district court's holding as to the severance claim and did not even discuss the severance claim. At the very least, *Raborn* does not support the district court and Defendant's interpretation of Article 3494 as including claims for severance payments for which no services were rendered.

At best, *Assaleh* and *Raborn* offer an alternative interpretation of Article 3494. But Louisiana law clearly instructs that "where there are two permissible interpretations of a prescriptive statute, the courts must adopt the one that favors maintaining rather than barring the action." *In re Woods*, 02-685 (La. App. 5 Cir. 12/30/02), 836 So. 2d 512, 514; *see also Price v. Stranco, Inc.*, 2003-1762 (La. App. 1 Cir. 9/8/04), 887 So. 2d 82, 84 ("Statutes providing for prescriptive periods are to be strictly construed in

---

[1] In *Assaleh*, the plaintiff's employment contract required the employer to give the plaintiff ninety-days' notice before terminating the contract. *Id.* at 69. The employer gave the plaintiff his ninety-days' notice on December 10, 2003, *id.*, which meant that he was technically employed until March 9, 2004. However, the employer applied the notice and termination retroactively to November 18, 2003 and gave him "severance pay" for ninety days from November 18, 2003 until February 16, 2004. *Id.* This meant the employer either did not pay the plaintiff the wages he was due for the services he rendered between November 18 and December 10 or gave him a "severance pay" that included those wages, resulting in a "severance pay" for less than ninety days. Thus, the court described the plaintiff's claim as "a claim for additional salary or additional severance pay." *Id.* at 72. But since it does not appear from the court's decision that the plaintiff was contractually entitled to severance pay, the plaintiff's "severance" claim was really a claim for compensation for the services he rendered between November 18, and December 10.

No. 22-30052

favor of maintaining a cause of action."). Moreover, "prescriptive statutes are stricti juris and will not be extended beyond the letter of the law." *Gulf Oil Corp. v. State Min. Bd.*, 317 So. 2d 576, 578 (La. 1974). Even under the most charitable reading of Defendant's argument, we must err on the side of allowing Plaintiff's claim to proceed.

\* \* \*

For the foregoing reasons, we reverse and remand for further proceedings.